# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-2355

_____

| | | |
|---|---|---|
| United States of America ex rel. Claud Sloan, | * | |
| | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of North Dakota. |
| Dakota Gasification Company, a North | * | |
| Dakota Corporation, a wholly-owned | * | [UNPUBLISHED] |
| subsidiary of Basin Electric Power | * | |
| Cooperative, a North Dakota | * | |
| Corporation, as purchasers of the assets | * | |
| of the Great Plains Coal Gasification | * | |
| Project; Robert McPhail, individually | * | |
| and in his corporate capacity, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 16, 1998
Filed: January 14, 1999

_____

Before BOWMAN, Chief Judge, BRIGHT, and MAGILL, Circuit Judges.

_____

PER CURIAM.

Claud Sloan appeals from the district court's[1] grant of summary judgment to Dakota Gasification Company (DGC) on his False Claims Act (FCA) and state law wrongful termination and discrimination claims. Because Sloan has not put forth the evidence necessary to support any of his claims, we affirm.

Sloan was hired by ANG Coal Gasification Company (ANG) on July 11, 1983 to work at its Great Plains Coal Gasification Plant (GPCGP). An injury on December 31, 1985 rendered him effectively unable to perform his job as a gasification technician. ANG eventually terminated Sloan but continued to provide him benefits in accordance with the terms of its employee handbook. These benefits included an employee savings plan, a retirement plan, health and dental insurance coverage, a long-term disability plan, and a life insurance package. The employee handbook reserved to ANG the right to change or drop any of the benefit plans unless an employee's rights under that plan had vested. Sloan's last day of work at ANG was February 7, 1987. GPCGP eventually was foreclosed by the United States Department of Energy (DOE), which then sold the plant to DGC in 1988.

Since his accident, Sloan has received disability insurance payments each month.[2] He also receives health and dental insurance coverage from DGC that DGC has provided as a matter of policy to him and other similar, former employees of ANG who are on long-term disability. In 1989, certain carriers notified Sloan that they were discontinuing his health and dental insurance coverage and his life insurance coverage. DGC reinstated these benefits to Sloan on October 18, 1990 and advised him that the benefits would continue as long as his long-term disability status continued. On

---

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

[2]Regardless of the outcome of his appeal, Sloan will receive these monthly payments until he reaches the age of 62, as well as a lump-sum payout of his accrued retirement benefits.

November 28, 1994, Sloan was advised that his free life insurance coverage and retirement benefits were being discontinued; this change affected all employees similarly situated to Sloane. At bottom, the only detriments Sloan has suffered as a result of the 1994 action are the loss of his free life insurance coverage and the inability to accrue future retirement benefits.

This Court reviews de novo a grant of summary judgment. See Anderson v. F. J. Little Mach. Co., 68 F.3d 1113, 1114 (8th Cir. 1995). A grant of summary judgment should be affirmed when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Kiemele v. Soo Line R.R., 93 F.3d 472, 474 (8th Cir. 1996). In considering whether a genuine issue of material fact exists, we view the evidence in the light most favorable to the nonmoving party. See id. at 474.

To make out an FCA claim, the plaintiff must show that the accused party made a false or fraudulent claim for payment from the government. See Rabushka ex rel. United States v. Crane Co., 122 F.3d 559, 563 (8th Cir. 1997); 31 U.S.C. § 3729 (setting forth situations creating liability under the FCA, all of which require some false or fraudulent claim or act against the government). Because there is no evidence that DGC made a false or fraudulent claim for payment from the government, the district court's grant of summary judgment to DGC on the FCA claim was proper. See Rabushka, 122 F.3d at 563 ("Summary judgment is appropriate if the plaintiff lacks sufficient evidence to show that any false or fraudulent claims have been made.").

The district court also properly granted summary judgment to DGC on Sloan's state law claims because Sloan was not an employee of DGC.[3] Absent a showing that

_____

[3]Sloan argues the district court should not have dismissed his state law claims with prejudice, but rather should have left them open for adjudication in state court. This Court has said the decision of whether to exercise supplemental jurisdiction after dismissal of a federal claim is discretionary under 28 U.S.C. § 1367(c)(3). Kansas

he was an employee of DGC or that he applied for a job with DGC, Sloan cannot prevail on either his discrimination or wrongful termination claims. See N.D. Cent. Code § 14-02.4-03 (prohibiting discriminatory action against employee or job applicant); N.D. Cent. Code § 34-03-01 (requiring that employer provide notice to employee before discharging him). Arguing there exists a genuine dispute regarding his employment status, Sloan points to communications from DGC that referred to him as a "grandfathered employee" and an "inactive employee." But DGC's imprudent use of the word "employee" is insufficient to establish the genuine issue of material fact Sloan needs to avoid summary judgment. Sloan admitted that: (1) his last day of work at GPCGP was in 1987, seven years before his benefits were terminated; (2) he understood he had been terminated by ANG; (3) he never applied for employment with DGC; and (4) he was "not aware" that he ever worked for DGC. See Sloan Dep. at 13, 91, 127-28, 137, reprinted in Appellee's App. at 2, 16, 21, 24. Sloan has presented no evidence indicating he was employed by DGC, and his own admissions support the district court's conclusion that there was no employment relationship between Sloan and DGC. The district court thus properly granted summary judgment to DGC on Sloan's state law claims.

For the foregoing reasons, the district court's grant of summary judgment on behalf of DGC is AFFIRMED.

---

Pub. Employees Retirement Sys. v. Reimer & Koger Assoc., Inc., 77 F.3d 1063, 1068 (8th Cir. 1996). Sloan has presented no evidence or argument that the district court abused its discretion in disposing of his state claims. In fact, his response to DGC's motion for summary judgment clearly expresses his intent to have the district court adjudicate all his claims – both state and federal. See Br. in Supp. of Resp. to Def.'s Mot. for Summ. J. at 21, reprinted in Appellant's App. at 118. The district court did not err.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.